UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD M. LAWSON,

       Plaintiff,                  Civil Action No. 11-11163
                                                   Honorable Patrick J. Duggan

v.

THE COUNTY OF WAYNE, CORY
WILLIAMS, GARRY GRAY,
ROBERT K. COSTELLO, MARYLIN
ATKINS, PENNIE B. MILLENDER,
ANNETTE J. BERRY, KYM L. WORTHY,
ROBERT A. MORAN, and PATRICK M. MUSCAT,

       Defendants,
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S ORDER OF PARTIAL DISMISSAL

Plaintiff filed this *pro se* civil rights action against Defendants on March 22, 2011. In his Complaint, Plaintiff alleges that Defendants violated his federal constitutional rights and state law by prosecuting or not dismissing a prosecution that subsequently was found to be barred by the applicable statute of limitations. On April 19, 2011, this Court issued an order dismissing the judges named in the Complaint based on absolute judicial immunity and the Wayne County prosecutors based on absolute prosecutorial immunity. (Doc. 5.) The Court also dismissed Plaintiff's state law claims against Defendant Wayne County based on Michigan Compiled Laws § 691.1407(1) and his claims under 42 U.S.C. § 1983 because the county's liability was premised on the actions of the dismissed defendants. Presently before the Court is Plaintiff's motion to alter or amend the Court's

order of dismissal, filed pursuant to Federal Rule of Civil Procedure 59 on May 2, 2011.

Motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59 may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). In his motion, Plaintiff argues that the Court committed an error of law by finding the judges and prosecutors named in his Complaint entitled to absolute immunity.

Plaintiff contends that absolute immunity does not extend to the judges' and prosecutors' actions to pursue or allow a time-barred prosecution to proceed against him. Plaintiff contends that such actions were made in the absence of all jurisdiction because the statute of limitations expired. Plaintiff contends that if the judges and prosecutors are not immune from liability, Wayne County also should not have been dismissed. Plaintiff's argument regarding the jurisdiction of Defendants, however, is wrong.

As this Court set forth in its partial dismissal order:

> "Judges are generally absolutely immune from civil rights suits for money damages, including § 1983 suits." *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 287 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated only when a judge is not acting in his or her judicial capacity or when the judges takes action in the absence of all jurisdiction. *Id*.

(Doc. 5 at 4.) With respect to jurisdiction, the Supreme Court has advised:

> The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or

2

> was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

*Ireland*, 113 F.3d at 1441 (quoting *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978)). As the Sixth Circuit elaborated in *Ireland*:

> If the matter upon which the judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the absence of all jurisdiction. . . . By contrast, merely acting in excess of authority does not preclude immunity. . . . For example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of jurisdiction, whereas a probate court judge would not be immune for trying a criminal case, an act for which the probate judge clearly lacked all subject matter jurisdiction.

*Id*. (citations omitted).

Plaintiff's allegation that the named judges improperly rejected his claim that the statute of limitations barred his prosecution more closely resembles the former scenario for which absolute immunity was found. It similarly resembles the conduct in *Ireland*– allegations that the judge improperly issued an arrest warrant– where the Sixth Circuit Court of Appeals found the judge absolutely immune from liability. At least one Circuit Court has held that a judge's "failure to dismiss [a previous case against the Plaintiff] on statute of limitations grounds . . . as even 'a grave procedural error' does not destroy judicial immunity." *Conard v. Evans*, 193 F. App'x 945, 948 (11th Cir. 2006). The Court therefore finds no error in its holding that the judges named in Plaintiff's Complaint are entitled to absolute judicial immunity.

The Court also continues to find that the Wayne County prosecutors named in Plaintiff's Complaint are entitled to absolute prosecutorial immunity. As indicated in the

3

Court's prior order of dismissal, "[a] prosecutor has absolute immunity from liability for *all* acts 'intimately associated with the judicial phase of the criminal process,' . . .." (Doc. 5 at 5 (emphasis added) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976).) The prosecutor's motives are irrelevant for the purposes of immunity. (*Id.* at 6 (citing *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).) Further, "absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously." (*Id.* (citing *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).)

In short, the Court did not commit a clear error of law in holding that the judges and prosecutors named in Plaintiff's Complaint are entitled to absolute immunity. Therefore, the Court also continues to find that Wayne County was properly dismissed.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Alter or Amend the Court's Order of Partial Dismissal is **DENIED**.

Dated: June 7, 2011

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copy to:
Richard M. Lawson
#598802
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI   48048