UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LAWSON,

        Plaintiff,

v.

COUNTY OF WAYNE, GARRY GRAY,
ROBERT K. COSTELLO, MARYLIN E.
ATKINS, PENNIE B. MILLENDER,
ANNETTE J. BERRY, KYM L. WORTHY,
ROBERT A. MORAN, and PATRICK
M. MUSCAT,

        Defendants.
_____/

Case No. 11-11163
Honorable Patrick J. Duggan

## OPINION AND ORDER

Plaintiff Richard Lawson was a Michigan Department of Corrections' prisoner when he filed this *pro se* action against Defendants on March 22, 2011. In his Complaint, Plaintiff alleged violations of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983 and state law claims of false arrest, malicious prosecution, and negligence. Plaintiff was granted leave to proceed in this action without prepayment of the filing fee. On April 19, 2011, this Court summarily reviewed the Complaint and dismissed all defendants except Livonia Police Department Detective Sergeant Cory Williams and Michigan State Police Detective Garry Gray (hereafter collectively "Defendants"). Thereafter the matter was assigned to Magistrate Judge Michael Hluchaniuk for all pretrial proceedings.

Plaintiff and Defendants subsequently filed cross-motions for summary judgment.

On September 26, 2012, Magistrate Judge Hluchaniuk issued a report and recommendation ("R&R"), recommending that the Court deny Plaintiff's motion and grant Defendants' motions. The R&R was served on defense counsel via the Court's electronic filing ("ECF") system and sent by United States mail to Plaintiff at the Macomb Correctional Facility where he had been incarcerated. On October 3, 2012, the mailing to Plaintiff was returned to the Court, marked "Return to Sender Refused." (ECF No. 46.) A hand-written notation on the envelope read: "prisoner deceased 9-7-12". (*Id.*)

On October 19, 2012, Defendant Gray filed a "Suggestion of Death" which indicates that Plaintiff passed away on September 8, 2012. (ECF No. 47.) Attached to the Suggestion of Death is a print-out from the Michigan Department of Corrections' Inmate Tracking Information System, reflecting that Plaintiff was discharged on September 8, 2012, and listing the reason for discharge as "death." (*Id.* Ex. A.) The Suggestion of Death was mailed to Plaintiff's last known address (i.e. the Macomb Correctional Facility).

Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed when a party dies during the proceedings:

a) Death.

(1) Substitution if the Claim Is Not Extinguished.[1] If a party dies and the

---

[1] The question of whether a federal civil rights claim survives the plaintiff's death is a question of state law. *See Robertson v. Wegmann*, 436 U.S. 584, 588-89, 98 S. Ct. 1991 (1978). Under Michigan law, "[a]ll actions and claims survive death" of the injured

(continued...)

>claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
>(2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
>(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

"The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa Cnty. Sheriff's Office*, No. 06-0397, 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)). "The rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party." *Id.* (citing *Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994)).

With this objective in mind, the majority of courts have interpreted Rule 25(a) as requiring two affirmative steps to trigger the running of the deadline by which a motion

---

[1](...continued)
person during the pendency of the action. *See* Mich. Comp. Laws § 600.2921.

for substitution must be made. "First, the notice of death must be made upon the record." *Antoine v. Virgin Islands Port Authority*, No. 2001/63, 2008 WL 2872176, at *2 (D.V.I. July 23, 2008) (citing Fed. R. Civ. P. 25(a); *Barlow*, 39 F.3d at 233; *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990)); *see also, e.g.*, *Hardy v. Potter*, No. CV408-223, 2009 WL 765028, at *1 (S.D. Ga. Mar. 23, 2009); *St. Pierre v. Hollingsworth*, No. 2:07-cv-0032, 2009 WL 57024, at *1 (D. Nev. Jan. 7, 2009). "Second, the suggestion of death must be served upon the parties, as provided in Rule 5, *and* upon 'nonparties,' as provided in Rule 4." *Id.* (emphasis added). In other words, there is a general obligation to serve the notice of suggestion of death upon the decedent's successor or representative. *Id.*

Some courts have held that Rule 25(a) imposes no requirement on the party filing the suggestion of death to serve the decedent's successor or representative. *See, e.g., Chobot v. Powers*, 169 F.R.D. 263, 267 (W.D.N.Y. 1996) (concluding that the defendants were not required to identify the representative of the plaintiff's estate, "as such a requirement would be unduly burdensome"); *see also Steward v. City of New York*, No. 04-1508, 2007 WL 2693667, at *4 (E.D.N.Y. Sept. 10, 2007) (concluding that Rule 25 does not require service of the suggestion of death on the decedent's successor or representative). However, the majority of courts have held "that where a defendant's counsel files a notice of death for a deceased plaintiff, [counsel] must serve the decedent's successor [or representative] or, at minimum, undertake a good faith effort to identify an appropriate representative." *Antoine*, 2008 WL 2872176, at *3 (citing cases);

4

*see also, e.g.*, *Fariss*, 769 F.2d at 961-62 (concluding that "it is generally appropriate to require the serving party to shoulder that burden [i.e. serving the decedent's successor or representative], rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."); *Gruenberg*, 2008 WL 2001253, at 2 (requiring the defendants "to take on some burden in locating [the] Plaintiff's representative or successor"). This Court finds the majority interpretation to be the most reasoned, at least under the circumstances of the present case where the plaintiff was acting *pro se* and was a prisoner when he filed the action and subsequently passed away.

Under these circumstances, Plaintiff's successor or representative, if any, is likely unaware of the pending litigation. Further, there is no attorney who was representing Plaintiff to inform such individuals of the action. In order to follow the procedure set forth in Rule 25(a), someone must identify the decedent's successor or representative so that service of the notice of death can be effectuated. The Court believes that counsel for the suggesting defendant (i.e. Defendant Gray) is in the best position to secure any information available to identify and/or locate such individual. The Court does not intend to impose an "onerous burden" on the suggesting party, but simply to require the party to make a good faith effort to identify and locate Plaintiff's successor.

In short, the Court finds that Rule 25(a)(1)'s 90-day period in which a motion for substitution must be made has not been triggered by Defendant Gray's filing of the Suggestion of Death. Until that period runs, the Court cannot dispose of this matter. *See* Fed. R. Civ. P. 25(a)(1). While Magistrate Judge Hluchaniuk has recommended that this

5

Court grant Defendants' motions for summary judgment, Plaintiff never was served with the R&R and did not have the opportunity to file any objections thereto. This Court's ruling on the cross-motions for summary judgment will be necessary only if a substitution for Plaintiff is made. Thus the Court is directing counsel for Defendant Gray to make a good faith effort to identify Plaintiff's successor or representative and, if such individual is identified, to serve him or her with the Suggestion of Death. Counsel shall notify the Court within sixty days of his efforts to locate Plaintiff's successor or representative and to serve the Suggestion of Death.

**SO ORDERED**.

Dated: October 23, 2012                             s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copy to:
Michael E. Fisher, Esq.
AAG Joseph T. Froehlich
AAG Mark E. Donnelly